**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **CECIL PARISH,** ) | |
| **#S13251,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 16-cv-00874-JPG** |
| ) | |
| **CLAY COUNTY SHERIFF** ) | |
| **and UNKNOWN PARTIES,** ) | |
| ) | |
| **Defendants.** ) | |

## <u>MEMORANDUM AND ORDER</u>

**GILBERT, District Judge:**

Plaintiff, who is currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against three officials at Clay County Jail ("Jail") who allegedly violated his constitutional rights in July 2015 (*see* Doc. 1). Plaintiff claims that the sheriff, an unknown correctional officer ("John Doe 1"), and an unknown medical provider ("John Doe 2") subjected him to unconstitutional conditions of confinement when they refused to provide him with clothing and forced him to sleep on the concrete floor in his Jail cell for two-and-a-half days (Doc. 1, pp. 5, 8-18). He suffered an infection and was treated at a hospital emergency room. He now sues all three defendants for monetary damages (*id*. at 6).

## <u>Merits Review Under 28 U.S.C. § 1915A</u>

This case is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim

upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.   *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).   Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).  The complaint is subject to dismissal under this standard.

## The Complaint

According to the complaint and attached exhibits, Plaintiff was arrested in July 2015, while running naked through the woods in Clay County, Illinois (Doc. 1, p. 11).  He was taken into custody by the Clay County Sheriff's Department (*id*. at 5).  For two-and-a-half days, Plaintiff was denied clothing and forced to sleep on the concrete floor in his cell.

During this same time period, Plaintiff developed a penile lesion, which he attributes to these living conditions. The head of his penis swelled to five times its normal size. A "large whitehead" formed and then burst (*id*.). He suffered intense pain and sensitivity. Plaintiff rated the pain as a "7" or "8" on a scale of "10," with "10" being the most intense pain (*id*. at 12-14).

On July 15, 2015, he was taken to Clay County Hospital's emergency room for treatment. There, he was diagnosed with a glans penis papule one centimeter in size. Plaintiff was tested for four sexually transmitted diseases, including HIV, syphilis, chancroid, and lymphogranuloma venereum. He tested positive for the latter two STDs, both of which are characterized by genital, anal, or perianal ulcers.[1] Plaintiff was prescribed medication to treat both conditions and complains of no ongoing symptoms.

He now sues the sheriff, John Doe 1, and John Doe 2 for subjecting him to constitutionally objectionable conditions of confinement at the Jail that allegedly resulted in the development of a painful penile lesion. Plaintiff seeks monetary relief (*id*. at 6).

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court finds it appropriate to organize the claims in Plaintiff's *pro se* complaint into the following enumerated counts:

**Count 1:**    **Defendants subjected Plaintiff to unconstitutional conditions of confinement at the Jail, when they refused to provide him with clothing and forced him to sleep on a concrete floor for two-and-a-half days in July 2015.**

**Count 2:**    **Defendants denied Plaintiff adequate medical care for his glans penis papule in July 2015.**

---

[1] *See* http://www.cdc.gov/std/treatment/2010/genital-ulcers.htm.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these claims does not constitute an opinion as to their merit.

The applicable legal standard for Plaintiff's two claims depends on his status as an arrestee, pretrial detainee, or prisoner during the applicable time period.  Different constitutional protections apply in each context.  Because Plaintiff's status is not clear from the allegations in the complaint, the Court will briefly address each standard below.

The Fourth Amendment "governs the period of confinement between arrest without a warrant and the [probable cause determination]." *Currie v. Chhabra*, 728 F.3d 626, 629 (7th Cir. 2013) (quoting *Villanova v. Abrams*, 972 F.2d 792, 797 (7th Cir. 1992)). An "objectively reasonable" standard applies to conditions of confinement and medical care claims brought by arrestees, who have not yet had a probable cause hearing. *Id.* (citations omitted).

The Fourteenth Amendment applies to conditions of confinement and medical claims of detainees, and the Eighth Amendment applies to claims of prisoners. *See Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000).  The Seventh Circuit has held that Eighth Amendment and Fourteenth Amendment case law can be used interchangeably when analyzing these claims. *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Forest v. Prine*, 620 F.3d 739, 744-45 (7th Cir. 2010).

All Eighth Amendment claims have an objective and a subjective component. *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter,* 501 U.S. 294, 302 (1991). For conditions of confinement claims, the objective analysis examines whether the conditions exceeded contemporary bounds of decency of a mature civilized society. *Id.*  The condition must

result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities.  *Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987).  A medical needs claim requires a showing that Plaintiff suffered from an objectively serious medical need. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).  A medical need is serious when it has been diagnosed by a physician as requiring treatment or is so obvious that a lay person would recognize the need for treatment.  *Id.*

The subjective component of both claims requires that a prison official had a sufficiently culpable state of mind.  *Wilson*, 501 U.S. at 298.  The relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference.  *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Del Raine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).  The official must act with more than negligence or even gross negligence; deliberate indifference is more akin to criminal recklessness.  *Burton v. Downey*, 805 F.3d 776, 785 (7th Cir. 2015) (citation omitted); *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012).

The complaint supports no claim against the defendants under any of these standards. Plaintiff failed to even mention the defendants in his statement of claim.  Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation."  *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  The doctrine of *respondeat superior* does not apply to actions filed under § 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008); *see Crowder v. Lash,* 687 F.2d

996, 1006 (7th Cir. 1982). The complaint must therefore include allegations suggesting that each defendant was personally involved in a violation of Plaintiff's constitutional rights.

Merely invoking the name of a potential defendant in the caption of the complaint is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). The reason that plaintiffs, even those proceeding *pro se* for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Twombly*, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2). Where, as here, a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.

Given the complete lack of allegations against the defendants, the Court concludes that the complaint fails to state a claim for relief. Accordingly, the complaint, including Counts 1 and 2, shall be dismissed. However, the dismissal will be without prejudice, and Plaintiff will be given an opportunity to file an amended complaint that "[s]tate[s] . . . as briefly as possible, when, where, how, and by whom" his constitutional rights were violated at the Jail (*see* Doc. 1, p. 5). When preparing and filing his amended complaint, Plaintiff must comply with the instructions set forth in the Court's standard civil rights complaint form, as well as the instructions and deadline set forth in the below disposition.

## Pending Motions

1. **Motion for Leave to Proceed *In Forma Pauperis* ("IFP motion") (Doc. 2)**

    Plaintiff's IFP motion will be addressed in a separate court order.

2. **Motion for Service of Process at Government Expense (Doc. 4)**

Plaintiff's motion for service of process at government expense is **DENIED**.  The motion is not necessary.  As a matter of course, the Court will order service of this lawsuit on each defendant who remains in this action after the amended complaint is screened pursuant to 28 U.S.C. § 1915A

**3.      Motion for Recruitment of Counsel (Doc. 3)**

Plaintiff's motion for recruitment of counsel is **DENIED**.  There is no constitutional or statutory right to counsel in federal civil cases.  *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006).  Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant.  *Ray v. Wexford Health Sources, Inc*., 706 F.3d 864, 866–67 (7th Cir. 2013).

 When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own.  *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).  If so, the Court must examine "whether the difficulty of the case— factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it."  *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655).  "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial."  *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience."  *Id*.

Plaintiff has not demonstrated that he made reasonable attempts to secure counsel on his own.  When asked to "describe in detail everything [he] ha[s] done to try to get an attorney to

take [his] case . . . ," Plaintiff simply says that he "sent letters" (Doc. 3, p. 1).  He produced no copies of letters and offers no additional details regarding the names of any attorneys who denied his request for representation, the date of each denial, etc.  Having failed to meet this basic requirement, Plaintiff's motion is denied.  However, the denial is without prejudice, and the Court remains open to appointing counsel as the case progresses.

## Disposition

**IT IS HEREBY ORDERED** that the complaint (Doc. 1), including Counts 1 and 2, is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendants Clay County Sheriff, John Doe 1 (unknown correctional officer), and John Doe 2 (unknown medical provider) are **DISMISSED** without prejudice from this action because the complaint fails to state a claim for relief against them.

**IT IS ALSO ORDERED** that Plaintiff is **GRANTED** leave to file a "First Amended Complaint" in *this* case, if he wishes to pursue his claims under 42 U.S.C. § 1983 against the defendants for violations of his constitutional rights at the Jail on or around July 2015.  The First Amended Complaint is due **on or before October 7, 2016**.  Should Plaintiff fail to file his First Amended Complaint within the allotted time, dismissal will become with prejudice.  FED. R. CIV. P. 41(b).  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).  Further, a "strike" may be assessed.  *See* 28 U.S.C. § 1915(g).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions.  He should be careful to label the pleading, "First Amended Complaint," and he must list *this* case number on the first page

(Case No. 16-874-JPG).  Plaintiff must present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count for a violation of Plaintiff's federal constitutional rights, as well as the actions alleged to have been taken by that defendant.  Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors.  He should refrain from filing unnecessary exhibits.  Further, Plaintiff should *include only related claims* in his new complaint.  Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.  To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form along with a copy of the complaint (Doc. 1).

Plaintiff is **ADVISED** that *this* dismissal shall <u>not</u> count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  Finally, the First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00[2] remains due and payable,

---

[2] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court.  See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.  A litigant who is granted IFP status, however, is exempt from paying the additional $50.00 fee.

regardless of whether Plaintiff elects to file an amended complaint.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 1, 2016**

s/J. Phil Gilbert
United States District Judge