IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CECIL PARISH, #S13251, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 16-cv-00874-JPG ) |
| CLAY COUNTY SHERIFF and UNKNOWN PARTIES, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

On August 3, 2016, Plaintiff Cecil Parish filed this civil rights action pursuant to 42 U.S.C. § 1983 against three officials at Clay County Jail who allegedly subjected him to unconstitutional conditions of confinement at the Jail (Doc. 1, pp. 5, 8-18). Plaintiff suffered an infection and was treated at a hospital emergency room (*id.*). He requested compensatory and punitive damages against the defendants (*id.* at 6).

The complaint did not survive preliminary review under 28 U.S.C. § 1915A, and this Court dismissed it without prejudice on September 1, 2016 (*see* Doc. 7). However, Plaintiff was granted leave to file an amended complaint on or before October 7, 2016, if he wished to re-plead his claims against the defendants (*id.*).

The deadline for filing an amended complaint has now passed. Plaintiff did not file an amended complaint in this case. He also failed to request an extension of the deadline for doing so. The Court will not allow this matter to linger indefinitely.

Accordingly, the action is hereby **DISMISSED with prejudice**, based on Plaintiff's failure to comply with a court order (*see* Doc. 7). *See* FED. R. CIV. P. 41(b); *Ladien v.*

*Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, this dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: October 17, 2016**

*s/J. Phil Gilbert*
**United States District Judge**
